UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
FIRST SOURCE, LLC,

                                                    Case No.:
                          Plaintiff,

- against -

RJW TRANSPORT, INC.                           **COMPLAINT**

                                  Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

COMES NOW Plaintiff, First Source, LLC ("Plaintiff"), by and through its undersigned counsel, The Law Offices of Neal Brickman P.C., located at 420 Lexington Avenue, Suite 2440, New York, New York 10170, and as and for, its Complaint against RJW Transit, Inc., ("Defendant"), alleges, upon its own knowledge and upon information and belief as to all other matters, as follows:

## PARTIES

1.      Plaintiff is, and was at all times relevant hereto, a New York business engaged in the distribution of candy and treats with its offices located at 100 Pirson Parkway in Tonawanda, New York.

2.      Upon information and belief, Defendant is an Illinois corporation, with its principal office located at 11240 Katherine's Crossing, Suite 400, Woodridge, Illinois 60517.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper under 28 U.S.C.A. § 1332 because Plaintiff resides in a different state than Defendant (diversity of citizenship) and the amount in controversy (exclusive of interest and costs) exceeds the sum of $75,000.

4.      Further, pursuant to 49 U.S. Code § 14706, this Court has jurisdiction over this matter.

5. Venue is properly laid in this District under 28 U.S.C.A. § 1391 because Plaintiff is a New York company with its offices located in Tonawanda, New York.

## FACTUAL BACKGROUND

9. Plaintiff is in the business of the wholesaling candy and treats.

10. One of Plaintiff's largest customers is Walmart.

11. Defendant represents itself to be an "official consolidator" for Walmart, claiming to offer direct services with Walmart, including filling purchase orders which would benefit Plaintiff.

14. Ultimately, Plaintiff retained the services of Defendant to provide certain services related to the fulfillment of purchase orders by Walmart.

15. In or about February 2015, Plaintiff and Defendant entered into a contract (the "Contract") whereby Defendant agreed to provide Plaintiff: "the transportation, warehousing, handling, logistics, fulfillment, distribution, and storage of [Plaintiff's] goods, commodities, and merchandise". (Hereinafter the "Services").

16. Thereafter, Defendant sent trucks to Plaintiff's warehouse in New York to pick-up seasonal candy -- Halloween and Christmas candy -- to be distributed to various Walmart distribution centers pursuant to purchase orders issued by Walmart.

17. Defendant accepted said candy and transported it back to its hub for distribution to Walmart pursuant to purchase orders issued from Walmart.

18. Sometime thereafter Plaintiffs became aware that Defendant had failed to fulfill a number of Purchase Orders, with others being short of what was ordered.

19. In total, Defendants failed to fulfill Walmart purchase orders in the sum of $100,699.58.

20. In addition to failing to fulfills certain purchase orders by either shorting the delivery or failing to make the delivery, there were times that Defendant delivered in excess of the purchase orders. Fortunately, Walmart made payment for the excess received.

21. In total, Walmart paid to Plaintiff the sum of $13,638.27 for deliveries which contained overages. It bears noting that Walmart could have just as easily refused the additional candy.

22. In addition to missing deliveries, shorting purchase orders, and over-filling orders, Defendant missed delivery deadlines set forth by Walmart ("Must Arrive By Dates" or "MABD's"). The MABD's were known to Defendant as Walmart provided the MABD's directly Defendant and Defendant was contractually-bound to provide this logistic service to Plaintiff.

23. Defendant was also aware that failing to meet MABD's set by Walmart would result in fines pursuant to the purchase orders and Walmart's practices and procedures -- of which Defendant was fully-aware.

24. As a result of Defendant's failure to meet the MABD's Walmart issued fines to Plaintiff in the sum of $109,204.04.

25. Upon learning of the failed, late, and incomplete deliveries, Plaintiff submitted timely written Freight Claims to Defendant. Defendant has acknowledged receipt of the Freight Claims, but has failed to take any action upon the claims, neither paying nor denying the valid Freight Claims.

26. Plaintiff notified Defendant that intended to withhold payment from Defendant in the sum of $59,334.33 as a partial offset against the monies due and owing to Plaintiff by Defendant. Defendant raised no objection to said withholding.

27. In addition, Defendant made payment to Plaintiff in the sum of $49,869.11.

28. There remains a balance due and owing to Plaintiff from Defendant in the sum of $87,061.21.

29. As a result of Defendant's failure to deliver the candy pursuant to the purchase orders, Plaintiff not only lost out on the potential sale to Walmart, but most of the seasonal candy was rendered unsaleable.

30. While some of the now-obsolete candy was returned to Plaintiff, much of it remains unaccounted. Defendant's only excuse for the failed, late, and incomplete deliveries, along with the unaccounted for candy, was a vague claim of a "computer glitch".

### Count I
### (Plaintiff's Claim Pursuant to 49 U.S. Code § 14706)

31. Plaintiff repeats and realleges Paragraphs 1 through 30 of this Complaint as if each of those paragraphs was set forth fully and at length herein.

32. 49 U.S. Code § 14706 sets forth the liability of an interstate carrier which fails to deliver goods and or merchandise for which they are retained.

33. Defendant, in this instance, was an interstate carrier of goods on behalf Plaintiff, the shipper.

34. Pursuant to 49 U.S. Code § 14706, Defendant is liable to Plaintiff for the value of the lost, damaged, and rendered-obsolete candy which it failed to properly deliver to Walmart pursuant to Walmart purchase orders.

35. Additionally, Defendant, as the common carrier, is liable for the Must Arrive By Date fines which resulted from its late and/or missed deliveries to Walmart.

36. WHEREFORE, Plaintiff respectfully requests a judgment against Defendants in the sum of $87,061.21, together with interest, the costs and disbursements of this action,

including reasonable attorneys' fees, and such other and further relief as this Court deems just and proper.

### Count II
### (Breach of Contract)

37. Plaintiff repeats and realleges Paragraphs 1 through 36 of this Complaint as if each of those paragraphs was set forth fully and at length herein.

38. Alternatively, should it be determined that part or all of the damages incurred by Plaintiff as a result of Defendants failure to fulfill Walmart's purchase orders in a timely manner on behalf of Plaintiff not meet the requirements of 49 U.S. Code § 14706, Plaintiff is entitled to recover said damages as a result of Defendant's numerous breaches of the Contract between the parties.

39. Each instance of Defendant's failure to fulfill Walmart's purchase orders with the deadlines set by Walmart constitutes breach of the Contract as Defendant failed to properly provide the Services provided for in the Contract.

40. As a result of these numerous breaches of the Contract, Plaintiff has suffered damages in the sum of $87,061.21.

41. WHEREFORE, Plaintiff respectfully requests a judgment against Defendants in the sum of $87,061.21, together with interest, the costs and disbursements of this action, including reasonable attorneys' fees, and such other and further relief as this Court deems just and proper.

## **RELIEF REQUESTED**

Based upon the foregoing, Plaintiff requests the Court award Plaintiff as follows:

(A) On its First Claim for damages pursuant to 49 U.S. Code § 14706 in the sum of $87,061.21, plus applicable interest, reasonable costs and attorneys' fees;

(B) Alternatively, on its Second Claim damages, for breach of contract in the sum of $87,061.21, plus applicable interest, reasonable costs and attorneys' fees;

(C) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 13, 2016

THE LAW OFFICES OF NEAL BRICKMAN, P.C.

_____
Aaron A. Mitchell, Esq. (AM0831)
420 Lexington Avenue, Suite 2440
New York, New York, 10170
(212) 986-6840
(212) 986-7691
aaron@brickmanlaw.com
*Attorneys for Plaintiff*