UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FIRST SOURCE, LLC,

                      Plaintiffs,

v.                                                   **DECISION AND ORDER**
                                                                 16-CV-1000S

RJW TRANSPORT, INC.,

                      Defendant.

1. Presently before this Court is Defendant RJW Transport, Inc.'s ("RJW") Motion to Change Venue. (Docket No. 4.) RJW seeks to transfer this case to the Northern District of Illinois, the judicial district in which its warehouse facility is located. For the following reasons, the motion is denied.

2. Plaintiff First Source, LLC ("First Source"), a candy wholesaler headquartered in Tonawanda, New York, brings this suit in diversity against RJW, a transportation service provider headquartered in Illinois. First Source alleges that RJW failed to honor its contractual obligations to distribute First Source's seasonal candy products to Walmart distribution centers. As relevant here, the parties contracted for RJW to take the product from First Source in Tonawanda, New York to RJW's warehouse in Bolingbrook, Illinois for re-packaging and transport to Walmart distribution centers located in 28 different states, including New York. First Source alleges that RJW's deliveries to the distribution centers were untimely and failed to conform to the amounts ordered by Walmart, resulting in overages for some deliveries and shortages for others. The complaint has two causes of action, the first based on 49 U.S.C. §14706, Liability of Carriers Under Receipts and Bills of Lading, and the second on

breach of contract.

3. RJW's motion for change of venue is brought under the doctrine of *forum non conveniens*, codified at 28 U.S.C. § 1404. Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964); In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992) ("[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness . . ."). "The burden of demonstrating the desirability of transfer lies with the moving party, and in considering the motion for transfer, a court should not disturb a plaintiff's choice of forum 'unless the defendants make a clear and convincing showing that the balance of convenience favors defendants' choice.'" Linzer v. EMI Blackwood Music, Inc., 904 F. Supp. 207, 216 (S.D.N.Y. 1995) (quoting Hubbell Inc. v. Pass & Seymour, Inc., 883 F.Supp. 955, 962 (S.D.N.Y. 1995).

4. In evaluating whether transfer is appropriate, this Court must first determine whether the action could have been brought in the district to which the defendants seek to transfer the case. Herbert Ltd. P'ship v. Electronic Arts Inc., 325 F.Supp.2d 282, 285 (S.D.N.Y.2004). Next, it must weigh the following factors:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of

2

> proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006) (quoting Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)) (alteration in original). No one factor is controlling or determinative, rather the Court must, in its discretion, balance all of the factors in making its decision. Praxair, Inc. v. Morrison Knudsen Corp., No. 00-CV-0892E(SC), 2001 WL 118585, at *2 (W.D.N.Y. Feb. 6, 2001).

5. It is undisputed that this action could have been brought in the Northern District of Illinois. Thus, the Court must determine, upon balancing the factors listed above, whether the interests of justice favor the transfer of this action. RJW argues that, aside from the weight to be given to First Source's choice of this judicial district, all other factors are either neutral or weigh in its favor. Specifically, RJW contends that the convenience of witnesses and locus of operative facts both support moving venue, because the alleged breaches of contract took place at its warehouse facility in Bolingbrook, Illinois, and because its employees (also located in Illinois) will be material witnesses. RJW also suggests that there may be some non-party witnesses located in the Northern District of Illinois, and that First Source may have greater means that would allow it to litigate outside its home forum. First Source disagrees on these points, and argues that greater weight should be given to the convenience of the employee witnesses from its headquarters in Tonawanda, New York, as well as to the non-party employees of the Walmart distribution centers located in 28 different states, including New York, because these locations were the true locus of operative facts.

6. This Court is persuaded that RJW's warehouse facility in Illinois is a locus of operative facts, though not the only relevant locus in this case. This finding alone is not sufficient to support transfer, particularly in light of the further finding that the remainder of the disputed factors weigh equally for both fora. Witnesses and parties are located in both districts, as well as outside of them, and neither side has presented a persuasive argument that any other factor might tilt in its favor. There are relevant documents located in each district, as well as some sources of evidence that are outside, and RJW concedes that each district is equally familiar with the applicable law. Moreover, RJW's speculation as to the possibility of non-party witnesses in Illinois, and its statement that First Source "appears" to be the larger corporation, are not sufficient to meet the burden of a "clear and convincing showing that the balance of convenience favors" a transfer to Illinois. Linzer, 904 F. Supp. at 216.

7. Therefore, this Court must honor First Source's choice. "[First Source] chose New York as its forum, a decision that is given great weight." D.H. Blair & Co., 462 F.3d at 107 (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981)). As here, where the factors seem almost equally balanced in favor of either forum, a transfer would merely shift the burden of inconvenience from one party to the other. See Dwyer v. Gen. Motors Corp., 853 F. Supp. 690, 693 (S.D.N.Y. 1994). Accordingly, the motion to change venue is denied. See Dwyer, 853 F. Supp. at 694 ("Plaintiffs' choice of forum is significant and will not be disturbed, unless the balance of factors weighs heavily in favor of a transfer.").

IT HEREBY IS ORDERED, that Defendant's [4] Motion to Change Venue is DENIED.

SO ORDERED.

Dated: May 15, 2017
Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge